# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:06-cr-00239-RCJ-PAL |
| vs. | ) | |
| | ) | |
| KURT J. MYRIE et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

    A grand jury indicted Defendants Kurt Myrie, Dominic Davis, and Harlon Jordan of: (1) conspiracy to commit bank robbery; (2) armed bank robbery; (3) brandishing a firearm during, in relation to, and in furtherance of a conspiracy to commit bank robbery; and (4) brandishing a firearm during and in relation to a crime of violence (consolidated with Count 3). (Superseding Indictment, ECF No. 36). Myrie pled guilty to all counts, and a jury found Davis and Jordan guilty on all counts. All three Defendants appealed, and the Court of Appeals affirmed the convictions and sentences.

    Defendants have filed habeas corpus motions under 28 U.S.C. § 2255. The Court finds that although the motions are statutorily timely, they are both procedurally defaulted and without merit even assuming the defaults are excused.

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2255(f), (f)(3). Defendants filed their initial motions on June 21 and 22, 2016,

which is within one year of June 26, 2015, the date on which the Supreme Court announced the rule of *Johnson v. United States (Johnson II)*, 135 S. Ct. 2551 (2015) upon which Defendants rely. The Supreme Court has made *Johnson II* retroactive on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). The motions are therefore statutorily timely. They are procedurally defaulted, however, both because Defendants made no vagueness-type objections at or before sentencing and because they failed to appeal based on that issue.

Defendants argue they are actually innocent of the brandishing offense, which if true would excuse the default. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). Specifically, they argue the bank robbery and conspiracy charged in Counts 1 and 2 that formed the basis for the brandishing offense in Count 4 were not "crime[s] of violence" under 18 U.S.C. § 924(c)(3) because the residual clause defining "crime of violence" is similar to the residual clause of § 924(e)(2), which the Supreme Court has struck down as unconstitutionally vague. *See Johnson II*, 135 S. Ct. at 2563. The definition of "crime of violence" applied to Defendants reads as follows, with the allegedly unconstitutionally vague residual clause emphasized:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (B) *that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense*.

18 U.S.C. § 924(c)(3)(A)–(B) (emphasis added). The definition of "violent felony" at issue in *Johnson II* reads as follows, with the unconstitutionally vague residual clause emphasized:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by

imprisonment for such term if committed by an adult, that--

>(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

>(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

*Id.* § 924(e)(2)(B)(i)–(ii) (emphasis added).

The two clauses are not identical, but even assuming for the sake of argument that the difference in language is not enough to rescue § 924(c)(3)(B) from constitutional infirmity, *Johnson II* is no aid to Defendants, because the physical-force clause of § 924(c)(3)(A) applies to bank robbery under § 2113(a). *See United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000).[1] Although the Court of Appeals has not yet ruled directly as to whether *Johnson II* abrogated the rule that bank robbery categorically satisfies the physical-force clause,[2] the courts of appeals to do so and the district courts within this Circuit have uniformly ruled that it did not. *See United States v. McNeal*, 818 F.3d 141, 151–57 (4th Cir. 2016); *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016); *United States v. Armour*, 840 F.3d 904, 909 (7th Cir. 2016); *Allen v. United States*, 836 F.3d 894, 894–95 (8th Cir. 2016); *In re Sams*, 830 F.3d 1234, 1238–39 (11th Cir.

---

[1] Although the Court of Appeals used the term "armed" in *Wright*, it did so not because only armed bank robbery under § 2113(d) qualified as a crime of violence but because the defendant in that case was challenging whether the offense of Using or Carrying a Firearm During a Crime of Violence, i.e., armed bank robbery, had been proved. The Court of Appeals' analysis, however, clearly reasoned that simple bank robbery under § 2113(a) qualified as a categorical crime of violence under the physical force clause of § 924(c)(3)(A). *See id.* (quoting 18 U.S.C. § 2113(a)) ("Armed bank robbery qualifies as a crime of violence because one of the elements of the offense is a taking 'by force and violence, or by intimidation.'"). The quoted offense element is found in § 2113(a), i.e., simple bank robbery, without reference to subsection (d), which simply provides enhanced penalties for armed bank robbery. In any case, Defendants here were convicted of armed bank robbery.

[2] The physical force clauses of §§ 924(c)(3)(A) and 924(e)(2)(B)(i) are identical.

2016); *United States v. McDuffy*, --- F. Supp. 3d ----, 2016 WL 3750655, at *3 (D. Nev. 2016) (Du, J.); *United States v. Daniels*, No. 11-cr-470, 2016 WL 6680038, at *2–3 (S.D. Cal. Nov. 14, 2016); *United States v. Gilbert*, No. 14-cr-634, 2016 WL 5807910, at *1–2 & n.1 (S.D. Cal. Oct. 20, 2016); *United States v. Abdul-Samad*, No. 10-cr-2792, 2016 WL 5118456, at *4–5 (S.D. Cal. Sept. 21, 2016); *United States v. Charles*, No. 3:06-cr-26, 2016 WL 4515923, at *1 (D. Alaska Aug. 29, 2016); *United States v. Watson*, No. 14-cr-751, 2016 WL 866298, at *6 (D. Haw. Mar. 2, 2016). The Court finds no basis to disagree.

Finally, the Court notes that Defendants' argument largely rests on the requirement under *Johnson v. United States (Johnson I)*, 559 U.S. 133 (2010) that physical force must be "violent," and that the Court of Appeals has not addressed whether bank robbery under § 2113(a) is a categorical crime of violence under that standard. The Court agrees with the Courts of Appeal to have addressed the issue that bank robbery categorically satisfies *Johnson I. See, e.g.*, *Armour*, 840 F.3d at 909.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF Nos. 212, 214, 216, 217, 218, 219, 224, 225) are DENIED.

IT IS FURTHER ORDERED that certificates of appealability are DENIED.

Dated January 4, 2017.

_____
ROBERT C. JONES
United States District Judge